# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JEREMY D. REED, | : Case No. 3:22-cv-62 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Stephanie K. Bowman |
| PREBLE COUNTY OHIO | : |
| SHERIFF DEPARTMENT, et al., | : **REPORT AND** |
| | : **RECOMMENDATION** |
| Defendants. | : |

Plaintiff has filed a motion for leave to proceed *in forma pauperis* in connection with a prisoner civil rights action in this Court. (Doc. 1).

On March 9, 2022, the undersigned issued a Deficiency Order, requiring plaintiff to pay the full filing fee or submit to the Court a certified copy of plaintiff's prison trust fund account statement within thirty (30) days. (Doc. 3). Plaintiff was advised that failure to comply with the Order would result in the dismissal of this action for want of prosecution. (*Id.* at PageID 37).

To date, more than thirty days after the Court's March 9, 2022 Order, plaintiff has failed to comply with the Order.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's March 9, 2022 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.[1]

**IT IS SO RECOMMENDED.**

Date: 04/14/2022                                                    *s/Stephanie K. Bowman*
                                                                                    Stephanie K. Bowman
                                                                                    United States Magistrate Judge

---

[1] Plaintiff filed a related case in this Court. *See Reed v. Preble Cnty. Sheriff Dept.*, Case No. 3:22-cv-63 (S.D. Ohio Mar. 2, 2022). It has also been recommended that the related action be dismissed for want of prosecution after plaintiff failed to respond to a Deficiency Order or provide the Court with a current address.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JEREMY D. REED, | : Case No. 3:22-cv-62 |
| Plaintiff, | : |
| vs. | : District Judge Walter H. Rice |
| | : Magistrate Judge Stephanie K. Bowman |
| PREBLE COUNTY OHIO SHERIFF DEPARTMENT, et al., | : |
| Defendants. | : |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).